# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

June 21, 2023

Lyle W. Cayce
Clerk

———————

No. 22-60634
Summary Calendar

———————

Edgar Armando Garcia-Pacheco,

*Petitioner*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

———————————————————

Petition for Review of an Order of the
Board of Immigration Appeals
Agency No. A206 902 153

———————————————————

Before Jones, Haynes, and Oldham, *Circuit Judges*.

Per Curiam:[*]

Edgar Armando Garcia-Pacheco, a native and citizen of Guatemala, petitions for review of the dismissal by the Board of Immigration Appeals (BIA) of his appeal from the denial of his application for asylum, withholding of removal (WOR), and protection under the Convention Against Torture (CAT). As discussed below, substantial evidence supports the agency's

———————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

determination that Garcia-Pacheco is not eligible for such relief. *See Zhang v. Gonzales*, 432 F.3d 339, 344 (5th Cir. 2005).

To qualify for asylum and WOR, Garcia-Pacheco must show a nexus between his feared future persecution in Guatemala and one of five protected grounds, meaning that "a protected ground (*e.g.*, membership in a particular social group)," or PSG, will be "at least one central reason for [the] persecuti[on]." *Gonzalez-Veliz v. Barr*, 938 F.3d 219, 224 (5th Cir. 2019) (internal quotation marks and citation omitted); *see Vazquez-Guerra v. Garland*, 7 F.4th 265, 271 (5th Cir. 2021), *cert. denied*, 142 S. Ct. 1228 (2022). Of Garcia-Pacheco's three proposed PSGs, one is his family group and two relate to his opposition to gangs; however, he explains that "all of [his asserted PSGs] contemplate his familial ties to the Garcia-Pacheco Family," and his sole nexus argument relies on that family relationship and the 2013 kidnapping of his cousin for ransom by criminals. Given that attacks motivated by criminal intentions do not provide a basis for protection and that Garcia-Pacheco's own testimony shows that his immediate family has remained in his small hometown of Guatemala unharmed, the evidence does not compel the conclusion that no reasonable factfinder could find him ineligible for asylum and withholding of removal. *See Vazquez-Guerra*, 7 F.4th at 270; *Chen v. Gonzales*, 470 F.3d 1131, 1134 (5th Cir. 2006).

To obtain CAT protection, Garcia-Pacheco must show a likelihood that he would be tortured by or with the consent or acquiescence of the Guatemalan government. *Zhang*, 432 F.3d at 344-45. Given the summary nature of his assertions in this regard and his unparticularized citations to large sections of the record, the evidence does not compel a conclusion that no reasonable factfinder could have denied him CAT protection. *See Chen*, 470 F.3d at 1134. Accordingly, the petition for review is DENIED.